Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| PR RECOVERY AND DEVELOPMENT JV, LLC<br><br>Recurrido<br><br><br>v.<br><br><br>ERIC MARTÍN PAGÁN DÍAZ; VIRGEN MILAGROS RAMOS ORTIZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Recurrentes | TA2025CE00746 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso número:<br>D CD2012-1641<br><br>Sobre:<br>Ejecución de Hipoteca y Cobro de Dinero |
| --- | --- | --- |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de diciembre de 2025.

Comparece por derecho propio el Lcdo. Eric M. Pagán Díaz, por sí y en representación de su esposa, Virgen M. Ramos Ortiz y la Sociedad Legal de Gananciales compuesta por ambos, mediante el recurso de epígrafe, y nos solicita que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 29 de agosto de 2025, notificada el 9 de septiembre de 2025. Mediante el referido dictamen, el foro primario mantuvo en vigor una orden de embargo emitida en etapa de ejecución de sentencia.

Por los fundamentos que se exponen a continuación, se desestima el recurso de epígrafe, de conformidad con las Reglas 34 y 83(B)(1)(3) y (4) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 34 y 83(B)(1)(3) y (4). Veamos.

**I**

El 21 de junio de 2012, el Banco de Desarrollo Económico para Puerto Rico (BDE) presentó una *Demanda* sobre cobro de dinero y ejecución de hipoteca por la vía ordinaria, en contra del Lcdo. Eric M. Pagán Díaz (licenciado Pagán Díaz),[1] Virgen M. Ramos Ortiz (Ramos Ortiz) y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, parte peticionaria). En síntesis, el BDE alegó que, el 12 de marzo de 2010, suscribió un contrato de préstamo ante notario con la parte peticionaria. Según alegó el BDE, en virtud del referido contrato, las partes consignaron un acuerdo mediante el cual el BDE se comprometió a extenderle a la parte peticionaria un financiamiento por $162,250.00.

Así también, el BDE adujo que, para garantizar el pago de dicho préstamo, la parte peticionaria suscribió y le entregó un pagaré, a su orden, por $162,250.00, más sus intereses convenidos, entre otras garantías. El BDE también alegó que, como garantía adicional, las partes suscribieron un acuerdo de gravamen mobiliario a favor del BDE, sobre una propiedad comercial que le pertenece a la parte peticionaria, la cual está sita en Bayamón.

En fin, en la *Demanda* de epígrafe, el BDE alegó que la parte peticionaria incumplió su obligación de pago y que, al 18 de junio de 2012, había acumulado una deuda vencida, líquida y exigible, que ascendía a **$167,708.28**, por concepto de principal, intereses y cargos por atraso, luego de restarle $1,538.76 correspondientes a una reserva. Como remedio, el BDE solicitó que el foro primario le ordene a la parte peticionaria satisfacer la referida cuantía, así como la ejecución del derecho de hipoteca que le asistía al BDE sobre la propiedad inmueble objeto del mencionado gravamen.

---

[1] El Lcdo. Eric M. Pagán Díaz es abogado activo en el Registro Único de Abogados y Abogadas (RUA) y litigó el caso por derecho propio ante el foro primario, únicamente en su representación, mientras que, ante este Foro, también comparece en representación de su esposa, Virgen M. Ramos Ortiz (Ramos Ortiz) y de la Sociedad Legal de Gananciales compuesta por ambos.

Por su parte, el 14 de febrero de 2013, la parte peticionaria presentó una *Contestación a la Demanda*. Como defensas afirmativas, adujo que la *Demanda* no aduce hechos constitutivos de una causa de acción, que la causa de acción, en todo caso, estaría prescrita y que, de adeudarse alguna cuantía, no es la reclamada.

Luego de una serie de incidencias procesales, el 30 de junio de 2014, el foro primario emitió y notificó la *Sentencia*, que fue notificada el 3 de julio de 2014.[2] Mediante esta, declaró Ha Lugar la *Demanda* y concedió los remedios solicitados. Hoy, la *Sentencia* dictada es final y firme.

Es necesario destacar que, en el 2020, la acreencia del BDE pasó a PR Recovery and Development JV, LLC. (PR Recovery o parte recurrida), por lo que, el 9 de marzo de 2020, la parte recurrida solicitó sustitución de parte.[3] Así, PR Recovery instó una *Solicitud de Continuación de los Procedimientos*, que fue declarada Ha Lugar por el foro *a quo*, mediante una *Resolución* notificada el 14 de septiembre de 2020.[4] En consecuencia, el foro primario expidió una *Orden de Ejecución y Mandamiento*.[5]

Según alega la parte peticionaria en el recurso de epígrafe, el 15 de agosto de 2025, alguaciles del tribunal acudieron a las instituciones bancarias siguientes: Banco Popular de Puerto Rico (BPPR), Oriental Bank y First Bank. Ello, con el propósito de diligenciar el mandamiento de ejecución de sentencia en contra del licenciado Pagán Díaz y de Ramos Ortiz. Como resultado, la parte

---

[2] Este Tribunal no ha tenido el beneficio de leer la *Sentencia* emitida por el foro primario en este caso, debido a que la parte peticionaria no la incluyó en el apéndice del recurso y el expediente del caso ante el foro primario no se encuentra accesible en el Sistema de Manejo y Administración de Casos (SUMAC).

[3] Este Tribunal obtuvo este dato luego de acceder a la base de datos de Consulta de Casos, disponible en el portal cibernético del Poder Judicial de Puerto Rico, así como gracias a la información brindada por la parte recurrida en su comparecencia escrita, ya que la parte peticionaria no incluyó estos documentos en su apéndice.

[4] Este Tribunal no ha tenido el beneficio de leer estos documentos, debido a que la parte peticionaria no los incluyó en el apéndice del recurso.

[5] Este Tribunal no ha tenido el beneficio de leer copia de la *Orden de Ejecución y Mandamiento*, debido a que la parte peticionaria no la incluyó en el apéndice del recurso.

peticionaria plantea que sufrió el embargo de las cantidades que se detallan, en las cuentas bancarias siguientes: 1) **$12,167.40**, en una cuenta del BPPR que pertenece al padre de Ramos Ortiz, Celso I. Ramos Ortiz, quien es una persona encamada de 93 años; 2) **$5,958.78,** en una cuenta del FirstBank, a nombre del licenciado Pagán Díaz.

El 21 de agosto de 2025, la parte peticionaria instó una *Moción en Solicitud de Remedio*. Mediante la referida petición, reclamaron que el foro *a quo* deje sin efecto el embargo a las mencionadas cuentas.

Evaluada la *Moción en Solicitud de Remedio*, el 29 de agosto de 2025, el foro primario emitió la *Orden* recurrida, la cual fue notificada el 9 de septiembre de 2025. En esta, el foro *a quo* ordenó lo siguiente: "Parte demandada debe informar el número de cuenta del padre de [Virgen] Milagros Ramos Ortiz para eximirlo. Respecto a los demás asuntos la orden de embargo fue emitida en ejecución de sentencia".

Insatisfecha, el 24 de septiembre de 2025, la parte peticionaria presentó una *Moción de Reconsideración* oportuna. Tras considerar dicha solicitud, el foro primario la declaró No Ha Lugar, mediante una *Orden* emitida ese mismo día y notificada el 10 de octubre de 2025.

Todavía inconforme, el 10 de noviembre de 2025, la parte peticionaria acudió ante este Foro mediante el recurso de epígrafe y señaló los siguientes errores:

> Erró el Tribunal de Primera Instancia al no dejar sin efecto la orden de Embargo contra la parte demandada conforme al artículo 249 del Código de Enjuiciamiento Civil de Puerto Rico, 32 L.P.R.A., sección 1130 y conforme al artículo 1157 del Código Civil de Puerto Rico 31 L.P.R.A. sección 9302.
>
> Erró el Tribunal de Primera Instancia al no dejar sin efecto la orden de Embargo contra el padre de la co-demandada Virgen M. Ramos Ortiz el cual no es parte del caso y en cuya cuenta ella no tiene participación

alguna. Esto conforme al caso BBVA v. S.L.G. López, Sasso, 2006 TSPR 135 (2006).

El mismo día en que presentó el recurso ante nos, la parte peticionaria también presentó una *Moción solicitando término conforme la Regla 34 del Reglamento del Tribunal de Apelaciones*, mediante la cual nos solicitó quince (15) días para "someter copia de la demanda original del caso y la contestación a dicha demanda".

Evaluado lo anterior, el 13 de noviembre de 2025, emitimos y notificamos una *Resolución*, en la que le concedimos a la parte recurrida diez (10) días, para expresarse en cuanto al recurso de epígrafe. Le advertimos que, en caso de no comparecer, procederíamos a resolver sin el beneficio de su postura. Asimismo, le concedimos igual término a la parte peticionaria para presentar copia de la demanda y de la contestación a la demanda.

Por su parte, el 21 de noviembre de 2025, la parte peticionaria presentó una *Moción en Cumplimiento de Orden*. A esta moción, anejó *únicamente* copia de la demanda y de la contestación a la demanda.

Asimismo, el 24 de noviembre de 2025, PR Recovery presentó un escrito que tituló *Moción al amparo de la Regla 40, Regla 83(B)(1) (3) y (4) de desestimación del Reglamento del Tribunal de Apelaciones*. En esencia, argumentó que procede la desestimación del recurso de epígrafe, debido a que este foro carece de jurisdicción, la parte peticionaria no ha obrado de buena fe en la presentación y trámite del recurso y a que el recurso es frívolo. Específicamente, planteó que la parte peticionaria incumplió con la Regla 34(E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 34(E), sobre el perfeccionamiento adecuado de recursos de *certiorari* ante este Foro. Ello, en la medida que esta disposición exige que la parte peticionaria incluya en el apéndice todos los documentos del

expediente original ante el foro primario que sean pertinentes y necesarios para adjudicar el recurso ante este Foro.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A**

La jurisdicción es el poder o autoridad que posee un tribunal para considerar y decidir un caso o controversia. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 211 DPR 521, 529 (2023); *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144 (2023); *Cobra Acquisitions, LLC. v. Municipio de Yabucoa* 210 DPR 384, 394 (2022). Nuestro Tribunal Supremo ha reiterado que los tribunales debemos ser fieles guardianes de nuestra jurisdicción y en que no tenemos discreción para asumir jurisdicción allí donde no la hay. Es decir, la jurisdicción incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 386 (2020); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). En consecuencia, les corresponde a los foros adjudicativos examinar su propia jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo.,* supra, pág. 883.

La falta de jurisdicción tiene las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Por tanto, cuando este

Foro carece de jurisdicción, "procede la inmediata desestimación del recurso apelativo […]". *S.L.G. Szendrey-Ramos v. F. Castillo,* supra, pág. 883.

Sobre las mociones de desestimación ante este Foro, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, dispone lo siguiente:

> […]
>
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) **que el Tribunal de Apelaciones carece de jurisdicción**;
>
> […]
>
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
>
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
>
> […]
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, **podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente**. El tribunal no pierde jurisdicción por el incumplimiento de una parte con un requisito reglamentario que no es de naturaleza jurisdiccional o de cumplimiento estricto. (Negrillas suplidas).

### B.

El Tribunal Supremo de Puerto Rico ha reiterado que las partes –incluso quienes comparecen por derecho propio– tienen el deber de cumplir fielmente con las normas para el perfeccionamiento de los recursos ante este Foro. *Febles v. Romar*, 159 DPR 714 (2003). Es decir, estos deben observar rigurosamente las disposiciones reglamentarias establecidas para la forma, contenido, presentación y notificación de los escritos ante nos. *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 589-590 (2019); *Hernández Jiménez, et al. v. AEE et al.*, 194 DPR 378, 382-383 (2015). Ello, ante la necesidad de colocar a los foros revisores en posición de decidir correctamente los casos, con el beneficio de un

expediente completo y claro de la controversia que tienen ante sí. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

De no observarse las disposiciones reglamentarias sobre el perfeccionamiento, nuestro ordenamiento autoriza la desestimación del recurso. Véase, *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011). Claro está, ante la severidad de esta sanción, nuestro Tribunal Supremo exige que nos aseguremos que el quebrantamiento de dichos postulados haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. Por lo tanto, solo si se cumple con dicho parámetro procederá la desestimación. *Román et als. v. Román et als.*, 158 DPR 163, 167-168 (2002).

En síntesis, la parte compareciente tiene que perfeccionar su recurso de conformidad con los preceptos de la ley vigentes y de nuestro Reglamento. De lo contrario, este Tribunal no estará en posición de revisar el dictamen recurrido. *Morán v. Martí*, 165 DPR 356 (2005).

La forma de perfeccionar adecuadamente un recurso de *certiorari* ante este Foro se encuentra codificada en la Regla 34 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 34. En lo pertinente a la confección del apéndice, la referida disposición establece lo siguiente:

[...]

(E) *Apéndice* ---

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes, a saber:

(i) en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;
(ii) en casos criminales, la denuncia y la acusación, si la hubiere.

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluidas las

determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari*, y la notificación del archivo en autos de una copia de la resolución u orden.

(d) **Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a esta**.

(e) **Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia**.

(2) El Tribunal de Apelaciones podrá permitir, a petición de la parte peticionaria en la solicitud de *certiorari*, en moción o *motu proprio* a la parte peticionaria, la presentación de los documentos del apéndice a que se refiere esta regla, con posterioridad a la fecha de la presentación del escrito de *certiorari*, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza la presentación de los documentos.

Esbozada la norma jurídica, procedemos a aplicarla al recurso antes nos.

**III**

Luego de evaluar el recurso de epígrafe, la *Moción en Cumplimiento de Orden* presentada posteriormente por la parte peticionaria y, por último, la solicitud de desestimación instada por PR Recovery, concluimos que procede la desestimación del recurso, según solicitada por la parte recurrida en la referida moción. Veamos.

Comenzamos por subrayar que los únicos documentos que la parte peticionaria incluyó como anejos al recurso ante nos fueron los siguientes: 1) copia de la *Moción en Solicitud de Remedio* que la parte peticionaria instó ante el foro *a quo* el 21 de agosto de 2025;

2) copia de la *Orden* recurrida; 3) copia de la *Moción en Reconsideración* [...] instada por la parte peticionaria; 4) copia de la *Resolución* del foro *a quo* en la que declaró No Ha Lugar la solicitud de reconsideración. Posteriormente, y dentro del término de diez (10) días que le concedimos para terminar de completar el apéndice, la parte peticionaria compareció mediante una *Moción en Cumplimiento de Orden* a la que *únicamente* anejó copia de la demanda y de la contestación a la demanda. A lo anterior es necesario sumarle el hecho de que el origen del caso de epígrafe se remonta al 2012, época previa a la existencia del Sistema Unificado de Manejo y Administración de Casos (SUMAC), por lo que no existe un expediente electrónico que esté accesible para revisión por parte de este Foro.

En fin, nos es forzoso concluir que la parte peticionaria no perfeccionó adecuadamente el recurso ante nos, debido a que no conformó un apéndice que cumpla a cabalidad con las exigencias de la Regla 34 del Reglamento del Tribunal de Apelaciones, *supra*, sobre el perfeccionamiento adecuado de un recurso de *certiorari*. Si bien la parte peticionaria suplementó el apéndice originalmente presentado, mediante la *Moción en Cumplimiento de Orden*, con la presentación de la demanda y la contestación a la demanda, omitió presentarnos copia de la *Sentencia* emitida por el foro *a quo* en este caso.

Asimismo, como destaca con acierto la parte recurrida en su moción de desestimación, la parte peticionaria tampocó incluyó copia de la *Moción de Sustitución de Parte* y de la *Solicitud de Continuación de los Procedimientos en Ejecución*, ambas instadas en su momento por PR Recovery ante el foro primario. Tampoco presentó copia de la orden de ejecución de sentencia que la parte peticionaria nos solicita se deje sin efecto. Como bien señala la parte recurrida en la moción de desestimación, todos los documentos

mencionados, no solo forman parte del expediente judicial original a nivel de primera instancia, sino que "son medulares para llevar el tracto procesal adecuado de la orden de la cual recurre la parte demandada [...]".

Recalcamos que el recurso de epígrafe es un *certiorari* post sentencia, cuyo trámite ante el foro primario se encuentra ya en etapa de ejecución del referido dictamen, que ya es final y firme.[6] Por tanto, este Foro no está en posición de adjudicarlo, sin el beneficio de revisar, tanto la *Sentencia,* como el resto de los documentos antes mencionados, que la parte peticionaria omitió incluir en su apéndice. De este modo, procede su desestimación, debido al incumplimiento de la parte peticionaria con la Regla 34(E) de nuestro Reglamento, *supra,* al omitir incluir en el apéndice documentos indispensables para la adjudicación del recurso ante nos.

**IV**

Por los fundamentos que se exponen a continuación, se desestima el recurso de epígrafe, de conformidad con las Reglas 34 y 83(B)(1)(3) y (4) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 34 y 83(B)(1)(3) y (4).

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] El Tribunal Supremo ha expresado que el *certiorari* también es el vehículo procesal adecuado para solicitar la revisión de resoluciones y órdenes post sentencia. *IG Builders et al. v. BBVAPR,* 185 DPR 307, 339 (2012).